IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KAWASKI L. BUSH | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 1:11-CV-64-WLS-MSH |
| | : | 42 U.S.C. § 1983 |
| GEORGE CAMP and | : | |
| LYNN CRENSHAW | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action on April 29, 2011, pursuant to 42 U.S.C. § 1983. After preliminary review, only Plaintiff's claims against Defendants Camp and Crenshaw remain pending. Defendant Crenshaw moved to dismiss Plaintiff's Complaint on September 2, 2011. (ECF No. 16.) Plaintiff was subsequently ordered to respond to Defendant Crenshaw's motion (Order, Dec. 1, 2011, ECF No. 25.) On January 3, 2012, Defendants Camp filed a motion for summary judgment (ECF No. 28). Plaintiff was likewise ordered to respond to Defendants Camp's motion on January 4, 2012 (ECF No. 30). Plaintiff has failed to respond to either motion. For the reasons described below, Defendants' motions should be granted.

### BACKGROUND

Plaintiff brings this action against Defendant George Camp and Defendant Lynn Crenshaw pursuant to 42 U.S.C. § 1983. Specifically, he claims that Defendant George Camp was a member of the Dougherty County SWAT team that kicked in his door and

arrested him. Plaintiff claims that during this arrest he was kicked and punched by the SWAT team members "without mercy." (Compl. 3, ECF No. 1.) Furthermore, after his arrest, Plaintiff claims that he was subjected to "harsh interrogation and verbal torture" for hours before he was taken to jail or given medical care. (*Id.*)

Plaintiff also contends that he was mistreated by the Dougherty County Jail medical staff, specifically Nurse Lynn Crenshaw, after he arrived at the jail. He states that Nurse Crenshaw failed to provide him with his blood pressure medication for a week after his arrival despite his blood pressure rising to "stroke level" six times. (Compl. 4.) He avers that Nurse Crenshaw ordered the other nurses to stop taking his blood pressure because she felt like Plaintiff was "a fake." (*Id.*)

Defendant Nurse Crenshaw moves to dismiss Plaintiff's claims against her for Plaintiff's failure to exhaust his administrative remedies and for failure to state a claim. Likewise, Defendants George Camp, Jr. and George Camp, Sr. move for summary judgment on Plaintiff's claims against him.

## DISCUSSION

### I.   Defendant Crenshaw's Motion to Dismiss

#### A.   Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### B.     Claims against Defendant Crenshaw

Defendant Crenshaw contends that Plaintiff's claims against her should be dismissed because Plaintiff failed to exhaust his administrative remedies and because Plaintiff failed to state a claim against her. Because the Court agrees that Plaintiff's Complaint should be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust, the Court does not reach Defendant Crenshaw's argument under Federal Rules of Civil Procedure 12(b)(6). As explained below, Plaintiff failed to exhaust his administrative remedies with regard to his claims against Defendant Crenshaw and such claims should be dismissed.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure

3

for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that proceufre before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Plaintiff has not responded to Defendant Crenshaw's motion to dismiss. Consequently, in order to determine whether he has exhausted his administrative remedies, the Court may only look to the allegations in his Complaint. Plaintiff's allegations against Nurse Crenshaw are as follows: (1) Nurse Crenshaw knew that in the

4

first week that Plaintiff arrived at Dougherty County Jail his blood pressure reached "stroke level" at least six times before he received his blood pressure medication, and (2) Nurse Crenshaw told the nurses to stop checking Plaintiff's blood pressure because Plaintiff was "a fake." (Compl. 4.) Plaintiff claims that he talked to several supervisors at the Dougherty County Jail before filing four grievances. (Compl. 2.)

Defendants have submitted three grievances filed by Plaintiff. There is no record of a fourth grievance alleged to be filed by Plaintiff, Grievance No. 2640. (Montgerard Aff. ¶ 12, Sept. 1, 2011, ECF No. 17-1.) Grievance No. 5000, which could be construed to address Plaintiff's claim that he failed to receive his blood pressure medication, was not appealed. (Montgarard Aff. Ex. C.) The Dougherty County Jail's Standard Operating Policy and Procedure on inmate grievances require that an inmate appeal a grievance to the jail director by signing the Grievance Officer Response page. (*Id.* Ex. A.) The grievance procedure is not considered final until the inmate has received a response from the jail director. (*Id.*) Plaintiff's administrative remedies with regard to this claim have therefore not been exhausted and this claim should be dismissed pursuant to 42 U.S.C. § 1997e(a).

Neither of the other two grievances filed by Plaintiff—Grievance Nos. 2592 and 2593—address Plaintiff's second claim against Nurse Crenshaw. (Montgarard Aff. Exs. D-G.) To the contrary, within each of these grievances Plaintiff mentions his specific blood pressure which was taken by a Dougherty County nurse. Since Plaintiff has not filed a grievance addressing his claim that Defendant Crenshaw ordered the nurses to stop taking his blood pressure, this claim should be dismissed for failure to exhaust

Plaintiff's administrative remedies. 42 U.S.C. § 1997e(a). Thus, Defendant Crenshaw's motion to dismiss should be granted.

## II. Defendant Camp's Motion for Summary Judgment

### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

B.    Excessive Force Claims

Plaintiff states in his Complaint that on March 16, 2011, his "front door was kick[ed] in by Doughery Co. Swatt [sic] Team leading officer George Camp." (Compl. 3.) Plaintiff then states that "[o]nce all of them was in they kick and punch me all in my head, back and chest, they beat me without mercy. Then after several hours of harsh interrogation and verbal torture, they took me to jail." (Compl. 3.) The Court assumes that Plaintiff was referring to the SWAT team by use of the pronoun "they" and that he is alleging that Officer George Camp was a member of the SWAT team. Furthermore, the Court interprets Plaintiff's Complaint as asserting claims that Officer George Camp violated Plaintiff's Fourth Amendment right to be free from excessive force during an arrest. Plaintiff does not state if he is asserting these claims against Defendant Camp in his individual or official capacity. Also, there are two George Camps who work in Dougherty County as public safety personnel. George Camp, Jr. is an officer for the Dougherty County Police Department. (Camp, Jr. Aff. ¶ 2, Dec. 29, 2011, ECF No. 28-4.) George Camp, Sr. is a lieutenant with the Dougherty County Sherriff's Office. (*Id.* ¶ 3.) Plaintiff failed to specify which George Camp he is claiming violated his constitutional rights. The Court thus looks at both George Camp, Jr. and George Camp, Sr. to determine if Plaintiff's rights have been violated.

As explained previously, in order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa*

*County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "An officer's use of force is excessive under the Fourth Amendment if the use of force was objectively [un]reasonable in light of the facts and circumstances confronting the officer." *Fils v. City of Aventura*, 647 F.3d 1272, 1287 (11th Cir. 2001) (internal quotation marks and citation omitted) (alteration in original). In determining the objective reasonableness of the use of force, the court should look at "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to flee." *MacMillan v. Roddenberry*, 432 F. App'x 890, 895 (11th Cir. 2011).

    1.    *George Camp, Jr.*

George Camp, Jr. contends that summary judgment should be granted in his favor in his official capacity because Plaintiff has failed to allege or identify a Dougherty County policy or custom which caused Plaintiff's injuries. He further argues that summary judgment should be entered in his individual capacity because he is entitled to qualified immunity. The Court agrees and recommends that summary judgment be granted for Defendant Camp, Jr. in his official and individual capacities for the reasons explained below.

"Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the municipality the officer represents." *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 144-45 (11th Cir. 2010) (internal quotation marks and citations omitted). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy

8

that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). Plaintiff has failed to meet any of the requirements to show municipal liability under § 1983.

Plaintiff states in his Complaint that "Leading Officer George Camp" kicked and punched Plaintiff in his head, back and chest. Additionally, Plaintiff claims that George Camp subjected him to several hours of "harsh interrogation and verbal torture." (Compl. 3.) The evidence in the record, however, indicates that although George Camp, Jr., was a member of the SWAT team which gained entry into Plaintiff's house on March 16, 2011, George Camp, Jr. was never in the same room as Plaintiff. (Camp, Jr. Aff. ¶ 9.) George Camp, Jr. did not touch or interrogate Plaintiff. (*Id.* ¶ 9-10.) Plaintiff has failed to rebut this evidence, and on a motion for summary judgment he cannot merely rest on his conclusory allegations to create a genuine issue of material fact as to these claims. *See McCarley v. KPMG Int'l*, 293 F. App'x 719, 722 (11th Cir. 2008). Consequently, there is no evidence in the record to show that Plaintiff's constitutional rights were violated, that there was a custom or policy of Dougherty County which was deliberately indifferent to his constitutional rights, or that any custom or policy of Dougherty County caused a constitutional violation.

Likewise, Defendant Camp, Jr. should be granted summary judgment on the claims against him in his individual capacity because he is entitled to qualified immunity. "Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a

9

clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2009). "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009). In order for qualified immunity not to apply, the plaintiff must show that the defendant violated his constitutional rights and "the right violated was 'clearly established' at the time of the violation." *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (internal quotation marks and citation omitted).

It is clear that Defendant Camp, Jr. was acting within his discretionary authority when the alleged constitutional violation occurred. Furthermore, as explained above, Plaintiff has failed to produce any evidence that Defendant Camp, Jr. violated his constitutional rights. Defendant Camp, Jr. is therefore entitled to qualified immunity for the claims against him in his individual capacity. Summary judgment should be granted to Defendant Camp, Jr. for the claims against him in his official and individual capacities.

    2.    *George Camp, Sr.*

Plaintiff's only reference to "Officer George Camp" is to an officer who is part of the "Dougherty Co. Swatt [sic] team[.]" (Compl. 3.) George Camp, Sr. is a lieutenant in the Dougherty County Sheriff's Office. Plaintiff has not made any specific allegations against George Camp, Sr. and he should be dismissed from the lawsuit. Furthermore, as a sheriff's deputy, George Camp, Sr. is entitled to Eleventh Amendment immunity from suit for claims against him in his official capacity. *See Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003) ("Georgia sheriffs and their deputies are entitled to official

immunity under the Eleventh Amendment to the Constitution for claims arising from their use of force policies in the operation of county jails.") (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003).  If the Court were to construe any of Plaintiff's allegations as being asserted against George Camp, Sr. in his individual capacity, he would similarly be entitled to qualified immunity because Plaintiff has failed to establish a constitutional violation.  *See Edwards*, 666 F.3d at 1294.  Summary judgment should therefore be entered for Defendant George Camp, Sr.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Crenshaw's motion to dismiss (ECF No. 16) be GRANTED.  Defendants Camp's motion for summary judgment (ECF No. 28) should also be GRANTED.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 5th day of June, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE